Dixon v. The Chicago, Rock Island & Pacific R'y Co.

1. **Railroads**: DILIGENCE REQUIRED IN FORWARDING PERISHABLE FREIGHT. A railway company is not absolutely bound to forward property known by it to be perishable on the very day of its receipt; but the demands of its business, the time of starting its trains, its contracts and obligations already incurred, and other like considerations, are to be regarded in determining the diligence or negligence of the company in such a case.

*Appeal from Mahaska District Court.*

TUESDAY, OCTOBER 21.

ACTION to recover upon a contract, for the transportation of a car load of apples from Oskaloosa to Council Bluffs. There was a judgment upon a verdict for plaintiff. Defendant appeals.

*M. A. Low,* for appellant.

*Bolton & McCoy,* for appellee.

Beck, J.—I.  There was evidence tending to prove that the apples were delivered to defendant and loaded upon one of its cars at Oskaloosa on the nineteenth day of April, 1881, and were not delivered to the consignee, at Council Bluffs, until the third day of May following.  When received by the consignee, many of them were rotten, but, when delivered to the defendant, they were in good condition.  The evidence tends to show further that the delay in the transportation of the fruit was the cause of its loss, and that, had it been delivered in the usual time occupied in the transportation of property between the two cities, it would have been received by the consignee in good order.  The cause of the delay arose from the prevalence of a flood in the Missouri river, which so overflowed the part of the city of Council Bluffs in which defendant's freight depot was located, that it could not be approached by cars.  The evidence tends to show that, if the apples had been sent forward on the day they had been received by defendant, the car containing them would have reached Council Bluffs before the water had cut off approach to the depot.

II.   As applicable to this evidence, the district court gave to the jury an instruction in the following language:

"2.   It was the duty of the defendant, when the apples were loaded, to send them out on the first freight train going out on the route to Council Bluffs, if the exigencies of their freight traffic would permit, and, if the apples were known to the defendant to be perishable freight, then it was its duty to transport them, even to the exclusion of other general freight not of a perishable nature."

The instruction, in our opinion, is erroneous.   It may be that, if the exigencies of defendant's freight traffic had permitted the immediate transportation without delay, the diligence imposed by law would have required the apples to be sent by the very next train.   There should be no delay without cause.   Therefore, if the demands of defendant's business, and the arrangement of its trains as to time, permitted the moving of the apples the same day they were received by

defendant, it should have been done. This part of the instruction, in this view, is correct. The error rests in the other part, which holds that defendant, if it knew the apples were perishable, was bound to transport them on the day of their receipt, even though other freight not of a perishable nature was delayed. This instruction required the apples to be moved the day of their receipt, and permits no excuse for delay. The demands of the business of defendant, the time of the starting of trains, contracts and obligations to first transport other property before received, in short, all matter which might control defendant, and be considered as sufficient to determine its diligence, are to be disregarded, and the defendant is to be held liable for negligence absolutely, without a ground of defense.

The law will recognize no rule operating with such hardship. The fact that the apples were perishable may have imposed an obligation for the exercise of care and diligence of a higher order to expedite their transportation. But it cannot be held that defendant was absolutely and unconditionally bound to move the apples forward on the day they were received, without regard to other matters to which we have referred. In support of these views, see *Swetland et al v. Boston & Albany R'y Co.*, 102 Mass., 276; *Ballentine v. North Mo. R'y Co.*, 40 Mo., 491; *Galena & Chicago U. R. Co. v. Rae et al.*, 18 Ill., 488.

Other questions involved in the case, upon some of which we are not fully agreed, need not be considered, as, for the error above pointed out, the judgment of the district court must be

REVERSED.